First Department, January, 2013

(January 3, 2013)

■ US Oncology, Inc., Appellant, v Wilmington Trust FSB, Respondent. [958 NYS2d 47]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 23, 2012, which, in this action seeking, inter alia, a declaratory judgment, denied plaintiff's motion for summary judgment, without prejudice to renew upon completion of discovery, unanimously affirmed, without costs.

This action concerns the disputed meaning of the contractual phrase "the remaining term of the Securities" as it applies to the formula for calculating the premium that plaintiff bond issuer owes the bondholders for redeeming the instruments before August 15, 2013. As applicable here, the formula provides that plaintiff will pay, in addition to the principal amount of the bonds, (1) the present value of the much smaller premium that plaintiff would have owed if it had called the bonds on August 15, 2013 *plus* (2) the net present value of the interest payments that the bondholders would have received through August 15, 2013, using a discount rate equal to the "Treasury Rate" plus .5%. "Treasury Rate" is defined as the interest rate of a "Comparable Treasury Issue," which in turn is defined as a United States Treasury note "having a maturity comparable to the remaining term of the Securities."

Seeking summary judgment on its declaratory action, plaintiff argues that "the remaining term of the Securities" unambiguously refers to a term ending on the bonds' maturity date of August 15, 2017. In opposition, defendant contends that the phrase, when read in the context of the early redemption provisions, could be construed to mean a term ending on August 15, 2013.

The motion court properly found that the disputed contract language is ambiguous and denied plaintiff's summary judgment motion, with leave to renew after discovery. It is well established that "[w]hether a contract is ambiguous is a question of law" (*South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). A contract is ambiguous when "on its face [it] is reasonably susceptible of more than one interpretation" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). The agreement must be read as a whole "to ensure that excessive emphasis is not placed upon particular words or phrases" (*South Rd. Assoc., LLC* at 277; *see Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003]).

Contrary to plaintiff's contention, the disputed phrase does not unambiguously refer to a term ending on the date that the notes would have matured if they had never been called, namely, August 15, 2017. The phrase can also plausibly be construed as referring to a term ending on August 15, 2013, which date is used throughout the formula to calculate the premium for an earlier redemption. Concur—Gonzalez, P.J., Acosta, Moskowitz, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 34 Misc 3d 1229(A), 2012 NY Slip Op 50288(U).]**